JOHN GARDNER and ISAAC Z. WHITAKER VS. THE BOARD OF COMMISSIONERS OF THE COUNTY OF GRANT.

1. AMENDMENT OF RECORD. — As a general principle after a court has adjourned for the term, it has no power to amend or correct the record of the term. If the record is erroneous, it can only be corrected by writ of error.

2. SAME. — The statute of amendments does not extend to the correction of errors in the judgment after the adjournment of the term at which the judgment was rendered.

ERROR to the District Court for *Grant* County.

At the March term, 1840, of the Grant county district court, *Gardner*, one of the plaintiffs in error, was convicted of an assault with intent to kill, and was sentenced by the court to pay a fine and the costs of prosecution. By an arrangement with the district attorney, he together with *Whitaker*, the other plaintiff in error, came into court and confessed judgment in favor of the county commissioners, in an action of assumpsit, for the amount of the fine and costs, upon which judgment execution was stayed for a specified time by agreement of the parties. At the September term, 1841, of said district court, the plaintiff in error made a motion to amend the record of the judgment by confession, by inserting therein the consideration and reasons for the confession. The district court overruled the motion, to which decision exceptions were taken, and the facts sought to be placed upon the record by the amendment asked for, were made a part of the bill of exceptions. This writ of error is brought to reverse the judgment by confession.

The following errors were assigned:

1. The court erred in overruling the motion to amend the record.

2. The district court erred in rendering the judgment which this writ of error is brought to reverse.

*First.* Because the only consideration of the judgment

was the compounding of a felony, for which there had been a conviction and sentence.

*Second.* The judgment was not authorized by law.

*Third.* The judgment is against public policy.

*Fourth.* The judgment is without consideration and void.

*Moses M. Strong*, for plaintiffs in error.

It is a well-established principle of law that all contracts and agreements entered into for the purpose of compounding a penal act are against public policy, and void. 4 Black. Com. 133, 136; *The People v. Bishop*, 5 Wend. 111. *Gardner* had been convicted of a felony and had been sentenced by the court. The judgment by confession, although not compounding the felony, was similar in its principles and worse in its consequences; it was compounding the sentence of the court. The pardoning power is vested by law in the governor alone. After sentence, he only, can relieve the convict. Neither the district attorney nor the county commissioners have any thing to do with the matter, and their attempting to relieve him from punishment, by taking a security for the penalty, has no authority of law to sanction it. If a bond be given which is against the policy of the law, it may be avoided. A judgment confessed, as in this case, that is not only without any lawful consideration, but against policy, ought for the same reason to be set aside.

*F. J. Dunn & T. P. Burnett* for defendants in error contended, 1. That the judgment by confession estopped the plaintiffs in error from alleging aught against it, or reversing it on error. The only remedy against such a judgment is by bill in chancery, showing fraud or mistake in procuring it; and these are the only grounds upon which even equity can afford relief. When a judgment is confessed, it is an end of the matter so far as the courts of law are concerned. It does not appear that Gardner was committed until the fine and costs should be paid, as a part of his punishment. The district attorney may have chosen to take a *capias pro fine* against him,

Gardner and Whitaker vs. The Board of Commissioners of Grant County.

and the court may have very properly awarded it. In many cases this would be the better course for the public and the public officers, where a pecuniary fine is all the penalty inflicted, as in this case. Suppose him in custody under a capias for the sum imposed; any person may become his security for it upon time, if acceptable to the authorities entitled to receive it. By such an arrangement the fine itself becomes discharged, and that is a sufficient consideration for any undertaking by him and his sureties to pay the money at a future day; and this is no compounding of felony. But the court cannot go into an examination of these matters. The confession amounts in law to a release of errors; and it would be without precedent or reason to reverse a judgment, because the consideration upon which it was rendered is not spread upon the record.

2. The district court had no power to amend the record at the time when the motion was made, and to have done so would have been error. The motion was made at the third term after the confession of judgment. The record was then out of the power and control of the court, so far as the form and effect of previous judgments were concerned. During the term, the record of all the proceedings of the term is entirely under the control of the court for amendment and correction. For such purposes, the law considers the whole term as but of one day. But after the final adjournment, this power is at an end, and the court can never go back to previous terms and amend and alter the record of its judgments. There would be no stability in records if this were the case. The statute of amendments, broad as it is, does not authorize the amendment sought by the motion.

IRVIN, J.—This cause came into this court on a bill of exceptions taken to the decision of the district court of Grant county at the September term for 1841.

Upon an examination of the transcript of the record, it appears that, at the March term of said court for 1840,

the said *Gardner* and *Whitaker* appeared in court, and entered a judgment by confession, in an action of assumpsit, in favor of said board of commissioners, for $232 and the costs of suit; and at the said September term of said court, they filed a motion, for reasons therein stated, to amend the record of such judgment by inserting therein the true consideration of the judgment, which motion was overruled, and exceptions thereto taken.

The only point that presents itself for consideration in this court is, did the court err in overruling the motion? It is a principle, too well established now to be questioned, that generally, after the adjournment of the court for the term, its record can never afterward be touched by that court; and if error has found its way into the proceedings, it must be corrected by another and a higher court. To this general principle there are some few exceptions, and they are mostly of statutory provisions. One of the exceptions is, the proceeding by writ of error *coram nobis*. This is a proceeding which lies in the same court where the cause is tried; whereas the writ to correct errors in the *judgment* of that court, cannot be brought before the same court, but its object is to remove the cause to a higher court. For it would be absurd to appeal to the same court from an error of its own judgment. But as the writ of error *coram nobis* does not question the judgment of the court, but only alleges some defect in the execution of the process, or some clerical misprison or mistake, or some error in the proceedings arising from a fact not appearing on the face of them (as when a judgment is rendered against a party after his death), there is no absurdity in permitting it to be brought before the same court that tried the cause. Thus, if the court enters up a judgment as confirmed against the appearance bail, whereas in truth and in fact he had filed a recognizance of special bail, and had set the office judgment aside, which, however, the clerk omitted to enter in the record, this writ of error *coram*

*nobis* (some times called a writ of error in fact) lies to correct the proceeding, and upon the fact appearing, the court proceeds to reverse the judgment against the appearance bail up to the point where the error was committed, and placing the cause in the state in which it would have been, had the fact been properly entered on the record, sends it back for further proceedings. 2 Wash. 130; 2 Rand. 174. The provisions of our statute of amendments do not extend to such a case as is made by the motion under consideration. Believing that the district court had no authority to interfere with the judgment of a previous term, in the manner asked for by the motion, we affirm with costs, the decision overruling the motion.

NOTE.—But see *Hill v. Hoover*, 5 Wis. 386: As to matters upon which the mind of a court did act, or is presumed from the record to have acted, in rendering a judgment, it is precluded from reviewing such judgment at a subsequent term. This rule, however, does not prevent the court, at a subsequent term, from setting aside its own judgment for errors, on which, at common law, the same court would reverse it on a writ of error *coram nobis;* nor from setting aside a *void* judgment, or a judgment on *cognovit;* nor from correcting clerical errors or mistakes in matter of form, nor from re-instating a cause dismissed by mistake. *The Ætna Life Ins. Co v. McCormack*, 20 Wis. 265.